UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kim L. W.,<br><br>        Plaintiff,<br><br>v.<br><br>Martin O'Malley, Commissioner of Social Security,<br><br>        Defendant. | Case No. 2:24-cv-01633-DJA<br><br>**Order** |

Before the Court is Plaintiff Kim L. W.'s motion for leave to proceed *in forma pauperis*. (ECF No. 1). Because the Court finds that Plaintiff has demonstrated an inability to prepay fees and costs or give security for them, it grants the application. However, the Court finds that Plaintiff's complaint has not met the basic requirements to satisfy screening. (ECF No. 1-1). It thus dismisses her complaint without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Discussion.**

   ***A.    The Court grants Plaintiff's in forma pauperis application.***

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff receives only food stamps and goes back and forth living with her mother and daughter. Her daughter pays her cell phone bill each month. The Court thus finds that Plaintiff is unable to pay an initial partial filing fee and grants the application to proceed *in forma pauperis*.

   ***B.    Plaintiff's complaint does not pass the Court's screening.***

Plaintiff's complaint has not met the basic requirements to pass screening. When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four

requirements for complaints to satisfy screening.  *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).  *See id.*  First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision.  *See id.*  Second, the complaint must indicate the judicial district in which the plaintiff resides.  *See id.*  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled.  *See id.*  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.  *See id.*

       Here, Plaintiff's complaint only satisfies the first and second requirement by stating that she filed her application less than sixty days after July 21, 2024—five days after the date the Appeals Council letter denying review is dated—and that she lives in the jurisdictional boundaries of this Court.  Otherwise, her complaint does not meet the requirements for screening.  The Court thus dismisses the complaint without prejudice.

       Regarding the third factor, the complaint does not state the nature of Plaintiff's disability and when Plaintiff claims to have become disabled.  The complaint simply states that "Plaintiff is disabled."  (ECF No. 1-1 at 2).  This is insufficient.

       Regarding the fourth factor, the complaint does not contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and showing that Plaintiff is entitled to relief.  Instead, she states in conclusory and broad fashion that "[t]he Agency committed error of law by denying Appeals Council review of the decision by the Administrative Law Judge, or otherwise to deny relief that was within the authority of the Appeals Council," and "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation."  (*Id.* at 2).  Again, this is insufficient.

///

///

///

1  **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the complaint (ECF No. 1-1) but shall not provide notice of this action to the Commissioner pursuant to Rule 3 of the Supplemental Rules for Social Security.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed without prejudice and with leave to amend.**  Plaintiff will have until **October 18, 2024** to file an amended complaint if the noted deficiencies can be corrected.  **Failure to comply with this order may result in the dismissal of this action.**

DATED: September 18, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE